## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VERRAGIO, LTD.,

        Plaintiff,

vs.

MALAKAN DIAMOND CO.,

        Defendant.

Case No.

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

Plaintiff Verragio, Ltd. ("Verragio"), by and through its attorneys, files its complaint against Defendant Malakan Diamond Co. for injunctive relief and damages as follows:

### Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Copyright Laws of the United States, 17 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction over the claims in this Complaint which relate to copyright infringement pursuant to 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

2. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2). Malakan Diamond Co. ("Malakan") is a resident of New York and/or a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in New York.

### Parties and Personal Jurisdiction

3. Verragio is a New York corporation with its principal place of business at 330 5th Avenue, 5th Floor, New York, NY 10001.

**Error! Unknown document property name.**

4. Malakan Diamond Co. ("Malakan") is a California corporation with its principal place of business at 1354 W. Herndon Ave., Fresno, CA 93711.

5. This Court has personal jurisdiction over Malakan because Malakan has extensive contacts with New York. Specifically, Malakan has had continuous commercial relationships with several jewelry companies in New York. Further, Malakan has undertaken acts of copyright infringement that were purposefully directed at New York with knowledge that the brunt of the injury would be felt by Verragio in this Judicial District.

## The Business of Verragio

6. Barry Nisguretsky ("Nisguretsky") is the owner of Verragio.

7. For over 20 years, Nisguretsky has been an innovator in the design, creation, and marketing of fine jewelry. Nisguretsky designs his own jewelry and has created exclusive collections from only top quality material.

8. Among Nisguretsky's jewelry designs are D100, AFN 5005 CU, AFN 5060 CU and INS 7061R, each an original design comprising copyrightable subject matter under the laws of the United States.

9. D100 is part of Verragio's Parisian Collection.

10. AFN 5005 CU and AFN 5060 CU are part of Verragio's Venetian Collection.

11. INS 7061R is part of Verragio's Insignia Collection.

12. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et seq.*, and secured the exclusive rights and privileges in and to the copyrights in D100. A picture of D100 is attached to this Complaint as Exhibit 1.

13. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for D100 (Certificate No. VA 1-818-420), a copy of which is attached to this Complaint as Exhibit 2.

14. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5005 CU. A picture of AFN 5005 CU is attached to this Complaint as Exhibit 3.

15. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5005 CU (Certificate No. VA 1-848-332), a copy of which is attached to this Complaint as Exhibit 4.

16. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in AFN 5060 CU. A picture of AFN 5060 CU is attached to this Complaint as Exhibit 5.

17. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for AFN 5060 CU (Certificate No. VA 1-866-432), a copy of which is attached to this Complaint as Exhibit 6.

18. At all relevant times, Nisguretsky complied in all respects with the Copyright Act, 17 U.S.C. § 101, et seq., and secured the exclusive rights and privileges in and to the copyrights in INS 7061. A picture of INS 7061R is attached to this Complaint as Exhibit 7.

19. Nisguretsky has received a Certificate of Registration from the Register of Copyrights for INS 7061R (Certificate No. VA 1-818-623), a copy of which is attached to this Complaint as Exhibit 8.

20. Nisguretsky has exclusively licensed his copyrighted jewelry designs to Verragio, including D100, AFN 5005 CU, AFN 5060 CU and INS 7061R.

**Error! Unknown document property name.**

21. Since its creation, D100, AFN 5005 CU, AFN 5060 CU and INS 7061R have been manufactured by Verragio, or under its authority.

### The Business of Malakan

22. Verragio is informed and believes, and on that basis alleges, that Malakan is a manufacturer and wholesaler of jewelry.

23. Verragio is informed and believes, and on that basis alleges, that Malakan operates its jewelry business in direct competition with retailers that purchase jewelry from Verragio.

24. Verragio is informed and believes, and on that basis alleges, that Malakan sells its jewelry to, and actively solicits and seeks as customers, the same jewelry retailers as Verragio.

25. Verragio is informed and believes, and on that basis alleges, that Malakan sells its jewelry to, and actively solicits and seeks as customers, the same customers and consumers as those retailers that purchase jewelry from Verragio.

26. Verragio is informed and believes, and on that basis alleges, that Malakan sells its jewelry to jewelers, retailers, and consumers in New York.

27. Verragio has not authorized Malakan to copy, reproduce, manufacture, duplicate, disseminate, or distribute jewelry with a design that is substantially similar to the copyrighted jewelry designs of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R or any other copyrighted ring design licensed to Verragio.

28. In violation of federal copyright law, Verragio is informed and believes, and on that basis alleges, that Malakan has engaged in the advertisement, manufacture, distribution, duplication and/or sale of jewelry with designs that are substantially similar to the copyrighted jewelry designs of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R and other copyrighted ring designs licensed to Verragio. Pictures of some of these unauthorized and infringing pieces of jewelry are attached to this Complaint as Exhibit 9.

29. For example, Malakan sold a ring to AE Jewelers, Inc. and/or AE Jewelers of Appleton, LLC (collectively, "A&E") which infringes Verragio's copyright in D100. A comparison of D100 to A&E Ring Number 1 follows:




Verragio Style No. D100                      Malakan/A & E Ring #1

**Error! Unknown document property name.**

30. For further example, Malakan sold another ring to A&E which infringes Verragio's copyright in AFN 5060 CU.  A comparison of AFN 5060 CU to A&E Ring Number 2 follows:

Verragio Style No. AFN 5060CU                                   Malakan/A & E Ring #2

 

31. Malakan also sold a ring to Harold Jaffe Jewelers which infringes Verragio's copyright in AFN 5005 CU.  A comparison of AFN 5005 CU to the Harold Jaffe ring follows:

 

Verragio Style No. AFN-5005 CU                                   Malakan/Harold Jaffe Jewelers Ring

**Error! Unknown document property name.**

32. In addition, Malakan sold a ring to Jensen Jewelers which infringes Verragio's copyright in INS 7061R.  A comparison of INS 7061R to the Jensen Jewelers ring follows:

 

Verragio Style No. INS 7061R                             Jensen Jewelers/Malakan Ring

### First Cause of Action

(Copyright Infringement Under 17 U.S.C. § 101 *et seq.*)

33. Verragio realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 32 of this Complaint as though fully set forth.

34. Malakan's acts constitute infringement of Verragio's licensed copyrights in D100, AFN 5005 CU, AFN 5060 CU and INS 7061R in violation of the Copyright Act, 17 U.S.C. § 101, *et seq*.

35. Verragio is informed and believes, and on that basis alleges, that Malakan's manufacture, distribution, duplication and/or sale of infringing copies of D100,  AFN 5005 CU, AFN 5060 CU and INS 7061R was deliberate, willful, malicious, oppressive, and without regard to Verragio's proprietary rights.

36. Malakan's copyright infringement has caused, and will continue to cause Verragio to suffer substantial injuries, loss, and damage to its proprietary and exclusive rights to D100,  AFN

7

5005 CU, AFN 5060 CU and INS 7061R and further, has damaged Verragio's business reputation and goodwill, diverted its trade and caused loss of profits, all in an amount not yet determined. In addition, Verragio is entitled to receive the profits made by Malakan from its wrongful acts pursuant to 17 U.S.C. § 504. Alternatively, Verragio is entitled to recover statutory damages, on election by Verragio, in an amount of up to $150,000 for each copyrighted work sold, offered for sale or distributed.

37. Malakan's copyright infringement, and the threat of continuing infringement has caused, and will continue to cause Verragio repeated and irreparable injury. It would be difficult to ascertain the amount of money damages that would afford Verragio adequate relief at law for Malakan's acts and continuing acts. Verragio's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Malakan. Therefore, Verragio is entitled to preliminary and permanent injunctive relief pursuant to 17 U.S.C. § 502, and to an order under 17 U.S.C. § 503 and 28 U.S.C. § 1651(a) that the infringing copies of D100, AFN 5005 CU, AFN 5060 CU and INS 7061R, and all molds by which such infringing copies were produced, be seized, impounded and destroyed.

38. Verragio is also entitled to recover its attorneys' fees and costs of suit pursuant to 17 U.S.C. § 505.

**Prayer for Relief**

Therefore, Verragio respectfully requests judgment as follows:

1. That the Court enter a judgment against Malakan that Malakan has infringed the rights of Verragio in Verragio's federally registered copyrights under 17 U.S.C. § 501.

2. That Malakan's acts were willful.

**Error! Unknown document property name.**

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Malakan and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Malakan, from:

(a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any jewelry that is in the possession of Malakan that is substantially similar to D100, AFN 5005 CU, AFN 5060 CU and INS 7061R or any other copyrighted design licensed to Verragio;

(b) destroying any documents, electronic files, wax models, molds, business records, or any other tangible object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such jewelry;

(c) engaging in any other activity constituting an infringement of any of Verragio's licensed copyrighted jewelry designs; and

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 3(a) through 3(c) above.

4. That Malakan be ordered to account to Verragio for, and disgorge, all profits it has derived by reason of the unlawful acts complained of above.

5. That Verragio be awarded damages for Malakan's copyright infringement in the form of either: (i) actual damages in an amount to be determined at trial, together with Malakan's profits derived from its unlawful infringement of Verragio's copyrights; or (ii) statutory damages for each act of infringement in an amount provided by law, as set forth in 17 U.S.C. § 504, at

**Error! Unknown document property name.**

Verragio's election before the entry of final judgment, together with prejudgment and post-judgment interest.

6. That the Court issue a Permanent Injunction enjoining and restraining A&E and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Malakan, from:

    (a) copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using infringing copies of Verragio's licensed copyrighted jewelry designs;

    (b) engaging in any other activity constituting an infringement of any of Verragio's licensed copyrighted jewelry designs; and

    (c) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraph 6(a) through 6(b) above.

7. That the Court issue an Order at the conclusion of the present matter that all infringing copies of jewelry, and all molds by which such infringing jewelry was produced, be seized, impounded and destroyed.

8. That the Court award Verragio its reasonable attorneys' fees pursuant to 17 U.S.C. § 505 and any other applicable provision of law.

9. That the Court award Verragio its costs of suit incurred herein.

10. That Verragio be awarded such other relief as may be appropriate, including costs of corrective advertising.

**Error! Unknown document property name.**

Dated:   New York, New York
         June 17, 2016.

                                        Respectfully submitted,

                                        SPEKTOR & TSIRKIN, PC

                                        By:   __s/Vladimir Tsirkin_____
                                                Vladimir Tsirkin
                                                Gregory Spektor
                                                40 Rector St. 1502
                                                New York, New York  10006
                                                (212) 431-1566

                                        *Attorneys for the Plaintiff Verragio, Ltd.*

## DEMAND FOR TRIAL BY JURY

Plaintiff Verragio, Ltd. hereby demands a trial by jury to decide all issues so triable in this case.

Dated: New York, New York
June 17, 2016.

Respectfully submitted,

SPEKTOR & TSIRKIN, PC

By: __s/Vladimir Tsirkin_____
Vladimir Tsirkin
Gregory Spektor
40 Rector St. 1502
New York, New York  10006
(212) 431-1566

*Attorneys for the Plaintiff Verragio, Ltd.*

**Error! Unknown document property name.**